UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOES 1-2, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:25-cv-00234 |
| OFFICE OF PERSONNEL MANAGEMENT, | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' RENEWED *EX PARTE* MOTION FOR LEAVE TO FILE COMPLAINT USING "JANE DOES 1-2" IN VIOLATION OF LCvR 5.1(c)**

NOW COME Plaintiffs to hereby respectfully seek leave of this Court to file their Complaint against Defendant Office of Personnel Management as "Jane Does 1-2" in violation of LCvR 5.1(c) in order to protect their identity and avoid retaliation.

As grounds therefor, Plaintiffs rely on the declaration of their undersigned counsel attached as Ex. A. Similar relief was granted to the plaintiff in *Doe v. U.S. Dep't of Labor*, 451 F. Supp. 2d 156 (D.D.C. 2006). In the totality of the circumstances, this matter satisfies the five-factor test established by the D.C. Circuit in *In re Sealed Case*, 971 F.3d 324 (D.C. Cir. 2020), as follows:

- "[W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature": The declaration of Plaintiffs' undersigned counsel demonstrates that Plaintiffs are requesting that their identities be withheld not to avoid annoyance and criticism, but rather to avoid retaliation in the form of

adverse employment actions, up to and including termination. The Trump administration has already openly terminated inspectors general, career Department of Justice lawyers, and senior immigration officials, and on his first day in office President Trump unilaterally suspended the clearances of fifty-one intelligence professionals solely because they signed a letter questioning the legitimacy of the laptop allegedly belonging to Hunter Biden. This type of retribution could never be described as "annoyance and criticism that may attend any litigation," especially when the entire point of the case is to enjoin an agency from jeopardizing the plaintiffs' personally identifiable information.

- "[W]hether identification poses a risk of retaliatory physical or mental harm to the requesting party or, even more critically, to innocent non-parties": As noted above, the risk of identification is, at a minimum, adverse employment actions, up to and including termination. Both plaintiffs are particularly susceptible to such retaliation, as one is still a probationary employee without due process appeal rights and the other is in the middle of a background reinvestigation which could easily be derailed by an order from a senior Government official with retaliatory motive.

- "[T[he ages of the persons whose privacy interests are sought to be protected": This factor weighs against Plaintiffs, as they are both adults.

- "[W]hether the action is against a governmental or private party": This factor would normally also weigh against Plaintiffs, since "there is a

heightened public interest when an individual or entity files a suit against the government," *id.* at 329. However, as this case is being filed as a class action (with a motion for class certification being filed shortly after this motion is resolved), the public interest in disclosure of the particular identities of these two plaintiffs is *de minimis*, since the relief requested would accrue to every member of the class, just as the harm has been suffered equally.

- "[T]he risk of unfairness to the opposing party from allowing an action against it to proceed anonymously": Allowing the plaintiffs to proceed under pseudonym will have no impact on any private rights, as the only defendant is the United States Government. Moreover, since, as noted above, Plaintiffs are merely representing a class of similarly situated individuals, who are by their very nature known collectively to the Government (i.e., Executive Branch employees whose information is contained in the system(s) in question), there is nothing special about *them* as long as the Court recognizes that their membership in the class satisfies standing and harm concerns.

In sum, Plaintiffs' very real concerns about retaliation and the lack of any meaningful effect the knowledge of their identities would have on the litigation significantly outweigh any minimal apparent interest in disclosure. "[T]he plaintiffs' significant and 'legitimate interest in anonymity' at this early stage in the litigation is more than sufficient to overcome 'countervailing interests in full disclosure.'" *K.J. v. United States*, No. 22-180, 2022 U.S. Dist. LEXIS 250231, at *12 (D.D.C. Jan. 23, 2022) ("Any general

presumption in favor of open proceedings or public interest in disclosing the plaintiffs' identities is significantly outweighed by the potential retaliatory threat that such disclosure would entail.") (quoting *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019)).

A proposed Order also accompanies this Motion.

Date:   January 30, 2025

                                                Respectfully submitted,

                                                /s/ Kelly B. McClanahan
                                                Kelly B. McClanahan, Esq.
                                                D.C. Bar #984704
                                                National Security Counselors
                                                1451 Rockville Pike
                                                Suite 250
                                                Rockville, MD  20852
                                                501-301-4672
                                                240-681-2189 fax
                                                Kel@NationalSecurityLaw.org

                                                *Counsel for Plaintiffs*