UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JANE DOES 1–2,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE OF PERSONNEL MANAGEMENT,<br><br>Defendant. | Civil Action No. 25-234 (JEB) |

## MEMORANDUM OPINION AND ORDER

At the end of January, the Office of Personnel Management sent to every civilian federal employee a series of emails purporting to test a new communications capability. Shortly thereafter, in a message posted to the internet, an anonymous OPM employee accused the agency of using the emails to collect personal information about government employees. Plaintiffs are two federal employees seeking to bring a class-action suit on behalf of anyone who received such a message from OPM or whose information is stored in OPM's system. See ECF No. 1 (Compl.), ¶¶ 3–4, 7–8. They claim that OPM's communications violate the E-Government Act of 2002, which requires any agency "initiating a new collection of information that (I) will be collected, maintained, or disseminated using information technology; and (II) includes any information in an identifiable form permitting the physical or online contacting of a specific individual" to complete a privacy-impact assessment. Id., ¶ 28 (quoting 44 U.S.C. § 3501 note). Contending that OPM failed to complete that assessment, Plaintiffs request declaratory and injunctive relief. Id. at 8. They have also filed a Motion to Proceed under Pseudonyms, seeking

1

to conceal their identities from both the general public and Defendant. See ECF No. 3 (Mot.). The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I.      Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,

2

> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.     Analysis

At this early stage, Plaintiffs have met their burden to show that the privacy interests at stake outweigh the public's presumptive and substantial interest in learning their identities.

The first factor supports granting the Motion. Plaintiffs seek pseudonymity not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). They request that their identities be withheld "to avoid retaliation in the form of adverse employment actions, up to and including termination." Mot. at ECF pp. 1–2. This Court's predecessor has recognized that the first factor "weighs heavily in favor of allowing [a plaintiff] to proceed pseudonymously" when a complaint would identify the plaintiff in a manner that would threaten the plaintiff's future employment opportunities. Doe v. Lieberman, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020) ("[T]he purpose of plaintiff's action is to prevent word of the charge of professional misconduct from reaching the National Practitioner Data Bank. . . . [I]f an adverse report is made to that body, . . . [plaintiff] will be unable to practice medicine.").

Plaintiffs support their fear of retaliation with evidence — namely, a sworn declaration, see John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau, 195 F. Supp. 3d 9, 21 (D.D.C. 2016), from their counsel explaining the potential professional consequences of revealing their identities. See ECF No. 3-1 (Decl. of Kelly McClanahan, Esq.). For example, Plaintiffs' attorney notes "the recent news regarding the steps that the incoming Administration has taken to fire or otherwise push out career employees who do not appear sufficiently loyal." Id., ¶ 5.

3

Plaintiffs' counsel also describes Jane Does 1 and 2's vulnerability to retaliation given their involvement in a "public trust reinvestigation" and "status as a probationary employee," respectively. Id., ¶ 3. Although Plaintiffs' allegations regarding the danger of retaliation are not set out in great detail, they are not wholly conclusory. In other words, they are not the kind of "'speculative and unsubstantiated claims of harm to a [plaintiff's] reputational or economic interests'" that "are insufficient to justify proceeding anonymously." John Doe Co. No. 1, 195 F. Supp. 3d at 22 (quoting Doe v. Pub. Citizen, 749 F.3d 246, 274 (4th Cir. 2014)). The Court therefore concludes that this factor supports granting the Motion.

The second factor also weighs in favor of pseudonymity. At a hearing on this Motion, Plaintiffs raised legitimate, specific concerns about both physical and mental harm. They pointed to previous instances in which plaintiffs have been harassed or threatened for their involvement in litigation that is perceived as a legal or political threat to this Administration. Although those risks are far from certain, they are sufficiently substantiated that they weigh somewhat in favor granting the Motion.

The third factor, as Plaintiffs concede, "weighs against Plaintiffs, as they are both adults." Mot. at ECF p. 2.

The fourth factor, however, supports allowing Plaintiffs to proceed pseudonymously. Typically, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019) (same). But analysis of this factor also involves evaluating whether Plaintiffs are requesting individual relief.

4

See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation and emphasis omitted).  In this case, Plaintiffs request a declaration that Defendant's conduct was unlawful as well as a preliminary and permanent injunction requiring OPM to complete privacy-impact assessments for all future collections of personally identifying information, which would provide more than individualized relief.  See Compl. at 8.  This factor thus would ordinarily disfavor pseudonymity.  See Doe v. Spahn, No. 23-2859, ECF No. 7 (Mem. Op.) at 5 (D.D.C. Oct. 2, 2023).  The analysis, however, is changed by the fact that Plaintiffs seek to conceal information from the Government itself, along with the public at large.  In these unique circumstances, "anonymity appears to be necessary to provide [Plaintiffs] the opportunity to vindicate [their] rights." Charles H. v. Dist. of Columbia, 2021 WL 6619327, at *3 (D.D.C. Apr. 9, 2021).

       The fifth and final factor supports Plaintiffs' Motion.  Although the Government does not know these specific Plaintiffs' identities, and Plaintiffs are unwilling to disclose that information, it is aware of the identities of every individual who would fall into Plaintiffs' putative class.  Defendant is also unlikely to suffer prejudice in future litigation because Plaintiffs' individual identities are not relevant to the merits of their claims.  See Mot. at ECF p. 3.  If OPM feels as this litigation develops that it must learn Plaintiffs' identities to avoid unfairness, it will remain free to request any further information it deems necessary to the full and fair defense of the case — and Plaintiffs will remain free to object.

       Courts evaluating motions to proceed pseudonymously "must not simply 'engage in a wooden exercise of ticking the five boxes.'  Rather, 'district courts should take into account

other factors relevant to the particular case under consideration.'" Haitian Bridge All. v. Biden, 2021 WL 12244207, at *2 (D.D.C. Dec. 23, 2021) (quoting In re Sealed Case, 931 F.3d at 97). When exercising its discretion to grant the dispensation of pseudonymity, "the court has a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted.'" Id. (quoting United States v. Microsoft Corp., 56 F.3d 1448, 1464 (D.C. Cir. 1995)). After consideration of the five factors, as well as the totality of the circumstances, the Court will permit Plaintiffs to proceed under pseudonyms at this stage.

### III.   Conclusion

The Court accordingly ORDERS that:

1. Plaintiffs' [3] Motion to Proceed Under Pseudonyms is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file on the public docket:

    i. A pseudonymous version of their [3] Motion and any attachments; and

    ii. A sealed *ex parte* declaration containing their real names and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: February 4, 2025