UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOES 1-2, | * |
| Plaintiffs, | * |
| v. | * |
| | * Civil Action No. 1:25-cv-00234 (RDM) |
| OFFICE OF PERSONNEL MANAGEMENT, | * |
| Defendant. | * |

* * * * * * * * * * * *

**PLAINTIFFS' MOTION FOR LEAVE TO ADD PSEUDONYMOUS PLAINTIFFS TO AMENDED COMPLAINT IN VIOLATION OF LCvR 5.1(c), ON WHICH DEFENDANT TAKES NO POSITION[1]**

NOW COME Plaintiffs to hereby respectfully seek leave of this Court to file their First Amended Complaint with five new pseudonymous plaintiffs in violation of LCvR 5.1(c) in order to protect their identity and avoid retaliation. Defendant takes no position on this Motion.

To be clear, unlike the original Plaintiffs, these new plaintiffs would only be pseudonymous to the extent that their true names are shielded from *public* disclosure, not from the Government.

As grounds therefor, Plaintiffs rely on the declaration of their undersigned counsel attached as Ex. A. Similar relief was granted to the plaintiff in *Doe v. U.S. Dep't of Labor*, 451 F. Supp. 2d 156 (D.D.C. 2006). In the totality of the circumstances, this matter satisfies the five-factor test established by the D.C. Circuit in *In re Sealed Case*, 971 F.3d 324 (D.C. Cir. 2020), as follows:

---

[1] Plaintiffs apologize for the unwieldy caption; it was written at Defendants' counsel's request.

- "[W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature": The declaration of Plaintiffs' undersigned counsel demonstrates that Plaintiffs are requesting that their identities be withheld not to avoid annoyance and criticism, but rather to avoid retaliation in the form of adverse employment actions, up to and including termination, and threats to their personal safety and mental health. "Because they still work closely with the Government—either as contractors, members of official partners, or employees of another branch of the federal government—they are gravely concerned about being targeted for retaliation if their participation in this case is discovered." (2d McClanahan Decl. ¶ 4 (attached as Ex. A).) This type of retribution could never be described as "annoyance and criticism that may attend any litigation," especially when the entire point of the case is to enjoin an agency from jeopardizing the plaintiffs' personally identifiable information. "This Court's predecessor has recognized that the first factor 'weighs heavily in favor of allowing [a plaintiff] to proceed pseudonymously' when a complaint would identify the plaintiff in a manner that would threaten the plaintiff's future employment opportunities." (Mem. Op. & Order, Dkt. #7, at 3 (filed Feb. 4, 2025) [hereinafter 1st Doe Op.].)

- "[W]hether identification poses a risk of retaliatory physical or mental harm to the requesting party or, even more critically, to innocent non-

parties": As noted above, the risk of identification is, at a minimum, adverse employment actions, up to and including termination, and at a maximum, physical or severe emotional distress. Furthermore, this risk extends not only to the new plaintiffs themselves but to the innocent third parties who live with them and would be subjected to similar physical or mental harm if the new plaintiffs were so harassed. Four new plaintiffs live with a total of five other adults. Three new plaintiffs live with a total of six minor children. (2d McClanahan Decl. ¶ 6.)

- "[T[he ages of the persons whose privacy interests are sought to be protected": This factor weighs in Plaintiffs' favor, since, while they are all adults, they live with six minor children who would also be harmed..

- "[W]hether the action is against a governmental or private party": This factor weighs slightly in Plaintiffs' favor. "[A]nonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing." (1st Doe Op. at 4 (quoting *J.W. v. Dist. of Cola.*, 318 F.R.D. 196, 201 (D.D.C. 2016)).) However, since Plaintiffs are not requesting individual relief, this factor also disfavors pseudonymity for the new plaintiffs. (*Id.* at 5.) Plaintiffs maintain, though, that in total, this factor is slightly more favorable than unfavorable.

- "[T]he risk of unfairness to the opposing party from allowing an action against it to proceed anonymously": Allowing the plaintiffs to proceed

3

under pseudonym will have no impact on any private rights, as the only defendant is the United States Government. Moreover, since, as noted above, the new plaintiffs are merely representing a class of similarly situated individuals, who are by their very nature known collectively to the Government (i.e., individuals whose information is contained in the system(s) in question), there is nothing special about *them* as long as the Court recognizes that their membership in the class satisfies standing and harm concerns. Lastly, since the Government will know the identities of the new plaintiffs and they are only being withheld from the general public, there is no unfairness to the Government.

In sum, the new plaintiffs' very real concerns about retaliation and the lack of any meaningful effect the public knowledge of their identities would have on the litigation significantly outweigh any minimal apparent interest in disclosure. "[T]he plaintiffs' significant and 'legitimate interest in anonymity' at this early stage in the litigation is more than sufficient to overcome 'countervailing interests in full disclosure.'" *K.J. v. United States*, No. 22-180, 2022 U.S. Dist. LEXIS 250231, at *12 (D.D.C. Jan. 23, 2022) ("Any general presumption in favor of open proceedings or public interest in disclosing the plaintiffs' identities is significantly outweighed by the potential retaliatory threat that such disclosure would entail.") (quoting *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019)).

A proposed Order also accompanies this Motion.

Date:   February 7, 2025

                                                Respectfully submitted,

<u>/s/ Kelly B. McClanahan</u>
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*