UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, *et al.*,<br><br>   *Plaintiffs*,<br><br> v.<br><br>OFFICE OF PERSONNEL MANAGEMENT,<br><br>   *Defendant*. | Civil Action No. 25-234 (RDM) |

### ORDER

  Plaintiffs allege that the Office of Personnel Management ("OPM") failed to comply with the E-Government Act of 2002, in rush to setup a system to send and receive emails to all federal employees using the email address HR@opm.gov.  The original plaintiffs in this case are two federal employees (Jane Doe 1 and Jane Doe 2) who have brought a putative class-action suit on behalf of anyone who received an request between January 23–27, 2025 to respond to HR@opm.gov to confirm that they received the email, "as well as any U.S. Executive Branch employees whose information is stored in the system in question but who did not receive a 'test' email."  *See* Dkt. 1 at 1–2 (Compl. ¶¶ 3–4, 7–8).  The Court previously granted Jane Does 1 and 2 permission to proceed pseudonymously, concealing their identities from both the general public and Defendant, based on their concerns that they could face harassment or retaliation if their identities were revealed.  Dkt. 7 at 2.

  Plaintiffs now move for leave to add five additional pseudonymous plaintiffs in an amended complaint.  Dkt. 12 at 1.  They ask that the Court permit these new plaintiffs to proceed

pseudonymously with respect to the general public, but they consent to disclosing their identities to Defendant.  *Id.*  The Court will **GRANT** that motion.

## I. LEGAL STANDARD

Inherent in our judicial system is a "'customary and constitutionally-embedded presumption of openness.'"  *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).  The "right of public access" extends to the names of litigants because disclosing parties' identities "furthers [the] openness of judicial proceedings."  *Doe v. Pub. Citizen*, 749 F.3d 246, 270, 273 (4th Cir. 2014).  Consistent with this transparency, the Federal Rules of Civil Procedure and this Court's Local Civil Rules require that complaints set forth the names of parties.  *See* Fed. R. Civ. P. 10(a); LCvRs 5.1(c)(1), 11.1.

As the D.C. Circuit has explained, when considering a motion to proceed anonymously, the Court must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure."  *In re Sealed Case*, 2019 WL 3367999, at *3 (D.C. Cir. July 26, 2019).  The Court must do so, however, against the backdrop of the "presumption in favor of disclosure, which stems from the 'general public interest in the openness of governmental processes.'"  *Id.* (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  The following five factors "serve well as guideposts from which a court ought to begin its analysis:"

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;

>[4] whether the action is against a governmental or private party; and, relatedly,
>
>[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at *4.

But those factors are just guideposts. The Court must not "engage in a wooden exercise of ticking the" boxes identified with any particular test. *Id.* Instead, the Court must evaluate each case on its unique facts and must assess "whether the non-speculative privacy interests that the movant[ ] . . . identif[ies] outweigh the public's substantial interest in knowing the identities of parties in litigation" and "any legitimate interest that the non-moving parties[ ] . . . may have in revealing the identity of the movant[.]" *John Doe Company No. 1 v. Consumer Fin. Protection Bur.*, 195 F. Supp. 3d 9, 17 (D.D.C. 2016).

## II. ANALYSIS

The Court is persuaded that the prospective, new plaintiffs have met their burden of showing that their interests in anonymity at this stage of the proceedings outweigh the "public interest in open access to judicial proceedings." *In re Sealed Case*, No. 17-1212, 2019 WL 3367999, at * 3 (D.C. Cir. July 26, 2019).

The first factor, which looks at the justification asserted, weighs in favor of allowing pseudonymity. Here, the prospective, new plaintiffs request pseudonymous treatment to "avoid retaliation in the form of adverse employment actions, up to and including termination," because "they still work closely with the Government" as "contractors, members of official partners, or employees of another branch of the federal government." Dkt 12 at 2. Like Jane Does 1 and 2, the prospective, new plaintiffs are "concerned about being targeted for retaliation if their participation in this case is discovered." Dkt. 12-1 at 2–3 (2d McClanahan Decl. ¶ 4). The prospective plaintiffs support their motion with a declaration, under the penalty of perjury, from

3

their counsel that describes the risk of retribution or harassment that they face. Although concerns of this type are necessarily predictive and uncertain, the Court is persuaded that the risk of retaliation or harassment in the present environment rises above the level of "speculative and unsubstantiated claims of harm to [plaintiffs'] reputational or economic interests" that are "insufficient to justify proceeding anonymously." *John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau*, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (internal citations omitted). The first factor "weighs heavily in favor of [plaintiffs] to proceed pseudonymously" when, as here, pseudonymity is sought not merely to avoid "annoyance or criticism" but to mitigate the risk of "losing employment opportunities." *Doe v. Lieberman*, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020). This factor supports granting Plaintiffs' motion.

The second factor asks whether parties or innocent nonparties might face retaliation resulting in physical or emotional harm. With respect to this factor, the prospective plaintiffs seek pseudonymous treatment to avoid "adverse employment actions . . . and threats to their personal safety and mental health." Dkt 12 at 2. The prospective plaintiffs further contend that the risk of retaliation "extends . . . to the innocent third parties who live with them." *Id.* at 3. Once again, they support these concerns with a declaration from their counsel, which explains that the prospective plaintiffs live with third parties, including adults and minor children. *See* Dkt. 12-1 at 2 (2d McClanahan Decl. ¶ 6). At least at this early stage of the proceeding, the Court is persuaded that these concerns rise about the level of speculation.

The third factor—the ages of the people whose privacy interests are at issue—is either neutral or weighs against the prospective plaintiffs. Although counsel's declaration avers that some of the prospective plaintiffs live with minor children, the declaration lacks sufficient detail for the Court to draw any firm conclusions with respect to this factor.

The fourth factor, which considers whether the opposing party is the government or a private party, weighs in favor of the prospective plaintiffs.  Here, Defendant does not oppose the relief that the prospective plaintiffs seek.  It bears note, moreover, that Defendant is a governmental entity, and this Court has previously observed that "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants "do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing." *J.W. v. District of Columbia*, 318 F.R.D. 196, 201 (D.D.C. 2016) (internal citations omitted).  Moreover, Plaintiffs are not seeking individual relief, which could counsel against pseudonymity.  *See* Dkt. 7 at 3.  This factor thus weighs in favor of the requested treatment.

Finally, the fifth factor, which considers the unfairness to the opposing party, also supports the pending motion.  The two federal employee plaintiffs asked to proceed pseudonymously both with respect to the public and with respect to Defendant.  Here, in contrast, the prospective plaintiffs are requesting only that their identities be withheld from the general public, and they do not object to disclosing their identity to opposing counsel.  *See* Dkt 12 at 1.  As a result, the motion presents no risk of unfairness to the opposing party.  The fifth factor, accordingly, weighs in favor of pseudonymity as well.

For all of these reasons, the Court concludes that the requested pseudonymity is appropriate, at least at this early stage in the litigation.  The Court will, if appropriate, revisit this issue at a later stage of the proceeding.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to add pseudonymous plaintiffs to their amended complaint, Dkt. 12, is hereby **GRANTED**.

**SO ORDERED**.

/s/ Randolph D. Moss  
RANDOLPH D. MOSS  
United States District Judge

Date:  February 7, 2025