UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JANE DOES 1-7, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:25-cv-00234 (RDM) |
| OFFICE OF PERSONNEL MANAGEMENT, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MOTION TO SHORTEN SAFE HARBOR PERIOD**

On 23 February, Plaintiffs' undersigned counsel served counsel for Defendant Office of Personnel Management ("OPM") with a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"). In the spirit of that rule, Plaintiffs will not elaborate on the content of that motion at this time, other than to say that the allegations are new and relate primarily to OPM's presentation to the Court of the Privacy Impact Assessment ("PIA") for the Government-Wide Email System ("GWES"), which, in light of rapidly unfolding events over the weekend, materially misrepresented the allegedly "voluntary" nature of responses to emails sent using that system,[1] coupled with the newly discovered evidence that, as Plaintiffs' undersigned counsel warned the Court in the 14 February hearing, OPM did not purge the GWES of information about non-Executive Branch employees, but only installed "filters" to keep the emails about the deferred resignation program from being sent to them.

---

[1] Simply put, OPM sent an email using HR@opm.gov demanding that all employees reply to the email with a list of things they did last week by 11:59 PM on 24 February, and today President Trump stated that if someone does not reply "[they're] sort of semi-fired or [they're] fired." Elon Musk (@elonmusk), X.com (Feb. 24, 2025 1:25 PM), *at* https://x.com/elonmusk/status/1894091228054261781 (last accessed Feb. 24, 2025).

A motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service *or within another time the court sets.*" Fed. R. Civ. P. 11(c)(2) (emphasis added). Because OPM is directly taking extraordinarily controversial (and arguably unlawful) actions with the GWES at a rapid pace and compelling federal government employees to submit more information to a system for which OPM definitively stated that all responses would be "voluntary," Plaintiffs maintain that the specific facts of the case warrant significantly shortening the 21-day safe harbor period in the public interest and in the interest of protecting the integrity of the judicial process. Accordingly, Plaintiffs respectfully request that the Court set "another time" within which OPM must respond to Plaintiffs' served motion and authorize Plaintiffs to file the motion for sanctions at any time after 6:00 PM on Friday, 28 February.

The undersigned communicated with OPM's counsel about this Motion, but due to a potential miscommunication he cannot definitively state OPM's position, and OPM's counsel was unreachable for clarification by the time he had to file this Motion for unrelated personal medical reasons. Accordingly, he is filing this as an opposed motion, but if he receives clarification that OPM does not oppose this Motion he will update the Court. A proposed Order accompanies this Motion.

Date:   February 24, 2025

                                              Respectfully submitted,

                                               /s/ Kelly B. McClanahan
                                              Kelly B. McClanahan, Esq.
                                              D.C. Bar #984704
                                              National Security Counselors
                                              1451 Rockville Pike
                                              Suite 250
                                              Rockville, MD  20852
                                              501-301-4672

240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*

3