UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOES 1-7,      * <br>     * <br>    Plaintiffs,    * <br>     * <br>    v.    * <br>     * <br> OFFICE OF PERSONNEL   * <br> MANAGEMENT,    * <br>     * <br>    Defendant.   * <br>     * | Civil Action No. 1:25-cv-00234 (RDM) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs respectfully submit this sur-reply to respond briefly to Defendant Office of Personnel Management's ("OPM") repeated assertion in its Reply that the only information maintained in the Government-Wide Email System ("GWES") is Plaintiffs' "government email addresses." (Def.'s Reply Supp. Mot. Dismiss, Dkt. #33, at 1, 3, 5-7, 9 (filed Mar. 12, 2025) [hereinafter OPM's Reply].) This contention is demonstrably false. As the Court is aware, on 22 February 2025, OPM instructed all Executive Branch employees to "reply to this email with approx.. 5 bullets of what you accomplished last week." Allison Gill (@muellershewrote.bsky.social), Bluesky (Feb. 22, 2025 5:07 PM), *at* https://bsky.app/profile/muellershewrote.bsky.social/post/3lisdfirajk2c (last accessed Feb. 23, 2025). Those emails were sent to the GWES. On 28 February 2025, Executive Branch employees were instructed to email OPM again with 5 bullets. *See* Filip Timotija, *Federal employees begin to receive second work accomplishment email*, The Hill (Mar. 1, 2025), *available at* https://thehill.com/homenews/administration/5170867-federal-employees-second-

Ex. A

opm-email-workweek-recap/ (last accessed Mar. 12, 2025). *Those* emails were sent to the GWES as well.

So when the Court is deciding whether the information about Plaintiffs is "highly sensitive" (OPM's Reply at 1) or "is unknown or not easily discoverable" (*id.* at 6), it must decide whether a list of all the information about what these individuals and all members of the putative class personally did at work—including what projects they worked on and what roles they played in agency processes—constitutes sensitive information. The Court's analysis should be informed by its answer to the question: would the Government freely release that information in a Freedom of Information Act case? Plaintiffs maintain that the Government would instead strenuously attempt to prevent such information from being disclosed, arguing vociferously that disclosure would "chill[]" the workers involved who cannot be expected to work "in a fishbowl" due to "fear of later being subject to public ridicule or criticism." *See Jud. Watch, Inc. v. DOJ*, 20 F.4th 49, 54 (D.C. Cir. 2021). The Court cannot conclude that the information contained in the GWES is not sensitive if its disclosure would engender "fear of . . . being subject to public ridicule or criticism."

Date:   March 12, 2025

                                      Respectfully submitted,

                                       /s/ Kelly B. McClanahan
                                      Kelly B. McClanahan, Esq.
                                      D.C. Bar #984704
                                      National Security Counselors
                                      1451 Rockville Pike
                                      Suite 250
                                      Rockville, MD  20852
                                      501-301-4672
                                      240-681-2189 fax
                                      Kel@NationalSecurityLaw.org

                                      *Counsel for Plaintiffs*