UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOES 1-7, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:25-cv-00234 (RDM) |
| OFFICE OF PERSONNEL MANAGEMENT, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' NOTICE OF NEW EVIDENCE
REGARDING THEIR MOTION FOR SANCTIONS**

When identifying potential Government counsel from whom the Court should seek declarations regarding the issues raised in their Motion for Sanctions, Plaintiffs identified Jacob Altik as an attorney who had been introduced to this Court in the 6 February 2025 hearing as being "from OPM" (Tr. of 2/6/25 Mot. Hrg, Dkt. #31-1, at 2:11 (filed Mar. 7, 2025)) yet had been identified in media reports as being "employed by the Department of Government Efficiency ("DOGE") with a 'DOGE email address[] at the Executive Office of the President.'" (Pls.' Reply Supp. Mot. Sanctions, Dkt. #31, at 5 n.4 (filed Mar. 7, 2025) (quoting Justin Elliott et al., *The Elite Lawyers Working for Elon Musk's DOGE Include Former Supreme Court Clerks*, ProPublica (Feb. 7, 2025), at https://www.propublica.org/article/elon-musk-doge-lawyers-supreme-court (last accessed Mar. 7, 2025)).)

Plaintiffs now draw the Court's attention to more inconsistent information about Mr. Altik. On 6 March 2025, Elisabeth Feleke, the Chief Program Officer at the United States African Defense Foundation, signed a sworn declaration in another case which included yet another description of Mr. Altik's professional affiliation. "On February 21, Ethan Shaotran,

Jacob Altik, and Nate Cavanaugh arrived at USADF. Shaotran and Cavanaugh introduced themselves as IT personnel from GSA. *Altik stated that he was a lawyer from the White House Personnel Office*." Feleke Decl., Dkt. #7-3, ¶ 4 (filed Mar. 6, 2025) (emphasis added), *Brehm v. Marocco*, No. 25-660 (D.D.C.). Ms. Feleke then described the authority that Mr. Altik claimed to have: "Altik then demanded immediate access to USADF systems including financial records and payment and human resources systems, which include staff job descriptions, personnel files, salaries, and organizational structure. . . . Altik demanded contact information for all board members and further stated that if the Board was unable to provide immediate clearance to access USADF systems, *that he would issue a notice of dismissal to all board members the same day*." *Id.* ¶¶ 7, 9 (emphasis added).

      In light of this new information about Mr. Altik, it has become apparent that Ms. Shapiro may have misrepresented—knowingly or unknowingly—his affiliation to the Court on 6 February—perhaps to preserve the illusion that OPM's counsel were ignorant of what OPM was doing with the Government-Wide Email System, or perhaps to obscure the role of DOGE and the White House in this case. Furthermore, the Court should demand testimony from Mr. Altik about what he knew about the GWES system and when he knew it before it assigns any value to OPM's arguments about the lack of its counsel's understanding of the falsity of the factual statements in the Privacy Impact Assessment its counsel submitted into evidence. A lawyer who claims to work for three separate offices and has the authority to unilaterally dismiss board members from a federal agency would definitely know what one of those offices—which he claims to represent—was doing with such a critical piece of information technology.

Date:   March 17, 2025

                                                Respectfully submitted,

                                                 /s/ Kelly B. McClanahan  
                                                Kelly B. McClanahan, Esq.  
                                                D.C. Bar #984704  
                                                National Security Counselors  
                                                1451 Rockville Pike  
                                                Suite 250  
                                                Rockville, MD  20852  
                                                501-301-4672  
                                                240-681-2189 fax  
                                                Kel@NationalSecurityLaw.org

                                                *Counsel for Plaintiffs*