**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JANE DOES 1-7,                              *
                                            *
        Plaintiffs,                         *
                                            *
        v.                                  *
                                            *       Civil Action No. 1:25-cv-00234 (RDM)
OFFICE OF PERSONNEL                         *
MANAGEMENT,                                 *
                                            *
        Defendant.                          *
                                            *
*       *       *       *       *       *       *       *       *       *       *       *       *

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OR, IN**
**THE ALTERNATIVE, FOR PRE-CERTIFICATION DISCOVERY**

NOW COME Plaintiffs, by and through undersigned counsel and on behalf of all other

similarly situated individuals, to move the Court for an Order certifying this suit as a class action,

pursuant to Federal Rule of Civil Procedure ("FRCP") 23.

Plaintiffs respectfully move for certification of the following class:

All individuals who have an email address assigned by an Executive Branch agency
ending in .gov or .mil whose Personally Identifiable Information has been stored in
the Government-Wide Email System or any system connected to it.

The number of persons who fall within this proposed class are unknown at present but is

reasonably believed to significantly exceed 2.4 million. Thus, the joinder of this number of

parties or plaintiffs in one proceeding would be impractical. In the event that this Court deems

this estimate insufficient, Plaintiffs request the opportunity to conduct limited pre-certification

discovery.

There exist questions of law and fact which are common to all members of the class.

Plaintiffs' claims are typical of the claims of the proposed class, and they will fairly and

adequately advance and protect the interests of the proposed class. They have also retained competent counsel who has extensive experience handling matters of this nature.

The class may be defined objectively in terms of ascertainable criteria, such that this Court may determine the constituency of the class for the purposes of the conclusiveness of any judgment that may be rendered. The Office of Personnel Management ("OPM") easily has within its possession and control the names and contact information of each and every class member.

OPM has acted on grounds that apply generally to all members of the proposed FRCP 23(b)(2) class, thereby making final injunctive relief an effective remedy with respect to the proposed class as a whole. Furthermore, to the extent that the "necessity" of certification is a permissible consideration, the requested injunctive relief renders certification necessary and warranted.

The granting of this Motion shall not result in the continuance of any hearing, conference, or trial.

OPM opposes the granting of class certification. A proposed Order accompanies this Motion.

Date:   April 28, 2025

<div style="text-align:right">

Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*

</div>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JANE DOES 1-7,                              *
                                            *
    Plaintiffs,                         *
                                            *
    v.                                  *
                                            *     Civil Action No. 1:25-cv-00234 (RDM)
OFFICE OF PERSONNEL                         *
MANAGEMENT,                                 *
                                            *
    Defendant.                          *
                                            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR**
**MOTION FOR CLASS CERTIFICATION OR, IN THE**
**<u>ALTERNATIVE, FOR PRE-CERTIFICATION DISCOVERY</u>**

       Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP 23"), Plaintiffs Jane Does 1-7 (hereinafter referred to jointly as "Plaintiffs"), on behalf of all similarly situated individuals, respectfully submit this memorandum in support of their Motion for Class Certification or, in the Alternative, for Pre-Certification Discovery ("Plaintiffs' Motion").

       There are no individual factual circumstances that are relevant to determining the legality of the issues in this case. The identity of no class member will alter the question of that person's entitlement to relief. The relevant relief requested—an injunction prohibiting Defendant Office of Personnel Management ("OPM") from collecting or storing any information about any class member in the Government-Wide Email System ("GWES") or any linked system until it has conducted a legally sufficient Privacy Impact Assessment and a court order directing OPM to delete any Personally Identifiable Information ("PII") collected by those systems before OPM conducted such a legally sufficient PIA—will not require this Court to conduct additional hearings into application of the rulings to the individual class members.

In short, there are no questions of cohesiveness or manageability. Class certification will conserve judicial resources, prevent inconsistent or conflicting adjudication of the same important issues, and advance the broad remedial policy issues that the E-Government Act of 2002 was designed to protect and advance.

For these reasons, and the reasons set forth in further detail below, Plaintiffs' Motion should be granted.

## **BACKGROUND**

The facts of this case are well-known to the Court at this point in the case and will not be discussed in any significant detail herein. In short, OPM began using a system—which it did not develop[1]—to collect and maintain PII about all individuals with an email address ending in .gov or .mil assigned by an Executive Branch agency ("Government email address"), despite not having conducted and published a legally sufficient PIA as required by the E-Government Act of 2002. In response to this violation of their rights, two Executive Branch employees filed this litigation as a class action, with a putative class of effectively all Executive Branch employees. After learning more about the extent of the GWES, five more plaintiffs joined the case and expanded the putative class to the current definition. The seven plaintiffs are: (1) two employees

---

[1] *See* Tr. of Dep. of Noah Peters, Dkt. #188-1, at 61:17-62-2 (filed Apr. 8, 2025), *Am. Fed'n of Gov't Emples., AFL-CIO v. OPM*, No. 25-1780 (N.D. Cal.) ("Q: For example, OPM created a server . . . from which OPM could send out emails to all federal employees during the first few weeks of this administration, did it not? . . . THE WITNESS: OPM didn't – did not create any server."). As an aside, this sworn testimony further indicates the degree to which the Government has consistently attempted to mislead this Court in this matter, since the Court deliberately asked OPM's counsel about "the system [being] originally set up by non-OPM people" and OPM's counsel replied, "My understanding . . . is that anybody in the agency was a special government employee who was bound by all of the normal restrictions and commitments that government employees are bound by" and never corrected the record. (*See* Tr. of 2/6/25 TRO/Stat. Hrg., Dkt. #31-1, at 20:2-21:8 (filed Mar. 7, 2025).) Regardless of what OPM's counsel's "understanding" was going into a hearing in which she was expected to be able respond to such allegations, she had a responsibility to later advise the Court that her

of Executive Branch agencies (Does 1-2); (2) one Legislative Branch employee (Doe 7); (3) one federal contractor (Doe 6); and (4) three individuals who do not fit into the other categories (Does 3-5). The common thread between all Plaintiffs is the fact that they all have Government email addresses and know that their PII is or was stored in the GWES.

## ARGUMENT

Class certification is a preliminary question that is distinct from the merits of the case. *Jones v. Rossides*, 256 F.R.D. 274, 276 (D.D.C. 2009). In deciding whether to certify a class action, the question before the Court is not whether Plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Federal Rule of Civil Procedure ("FRCP") 23 are met. *See id.* (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (internal quotations omitted); *see also McReynolds v. Sodexho Marriott Servs.*, 208 F.R.D. 428, 430 (D.D.C. 2002) (allegations are presumed true for purposes of a motion for class certification). Courts have broad discretion in deciding whether plaintiffs have met their burden of showing that the requirements for class certification are met. *See Hartman v. Duffey*, 19 F.3d 1459, 1471 (D.C. Cir. 1994); *see also McCarthy v. Kleindienst*, 741 F.2d 1406, 1413 n.2 (D.C. Cir. 1984) (court may consider matters beyond pleadings to ascertain whether claims or defenses are susceptible to resolution on class-wide basis). Lastly, to the extent the Court may consider that class certification is not needed to provide relief to putative class members, *see O.A. v. Trump*, 404 F. Supp. 3d 109, 154-55 (D.D.C. 2019), declaring that OPM violated the law and ordering it to cease operating the GWES would not provide complete relief to the putative class members because OPM would arguably not be required to expunge the information already collected about them from these systems.

---

"understanding" was wrong, and an attorney cannot evade this responsibility by choosing to remain willfully ignorant by not asking their client inconvenient questions.

As demonstrated below, Plaintiffs have satisfied their burden and demonstrated that class certification is appropriate.

## I.    THE PROPOSED CLASS

Plaintiffs respectfully move this Court to certify a class defined as follows:

> All individuals who have an email address assigned by an Executive Branch agency ending in .gov or .mil whose PII has been stored in the GWES or any system connected to it.

Plaintiffs are not in a position, absent pre-certification discovery, to ascertain the exact number of individuals who would fall within the scope of this proposed class. OPM alone retains control over the records that would easily identify the number of individuals who qualify for the proposed class. That aside, it is undisputed that the number is in the millions, which renders joinder impracticable.

Plaintiffs are only seeking certification under FRCP 23(b)(2) in order to secure injunctive and declaratory relief. Plaintiffs are not seeking any form of monetary damages by way of certification under FRCP 23(b)(3) and therefore there are no issues of notice, opt-out rights, superiority, or predominance. Plaintiffs are able to satisfy all of the requirements of FRCP 23(a) and certification is therefore appropriate under FRCP 23(b)(2).

## II.    PLAINTIFFS' CLAIMS ARE AMENABLE TO CLASS TREATMENT

It is well-established that an Administrative Procedure Act ("APA") claim can serve as the basis for a class action. *See Lincoln v. Vigil*, 508 U.S. 182 (1993) (class action alleging agency conduct violated APA permitted); *see also Newman v. Apfel*, 223 F.3d 937, 941 (9th Cir. 2000) (rejecting class certification as moot as a result of dismissal of APA claim on its substantive merits); *Council of & for the Blind of Del. County Valley, Inc. v. Regan*, 709 F.2d 1521, 1534 (D.C. Cir. 1983) ("I think appellants' effort may be sustainable as a class action

4

suitably invoking the Administrative Procedure Act."); *Keepseagle v. Veneman*, No. 99-3119, 2001 U.S. Dist. LEXIS 25220, at *2 (D.D.C. December 11, 2001) (granting class certification).

## III.    THE PREREQUISITES OF RULE 23(a) ARE SATISFIED

To justify class certification, Plaintiffs must first satisfy four threshold requirements and demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See Love v. Johanns*, 439 F.3d 723, 727 (D.C. Cir. 2006) (citing Fed. R. Civ. P. 23(a)). Additionally, while this Circuit has never squarely held that a fifth "ascertainability" criterion is required, *see J.D. v. Azar*, 925 F.3d 1291, 1320 (D.C. Cir. 2019), Plaintiffs will address that as well.

### A.    NUMEROSITY

The prerequisite of numerosity is discharged if the class is so large that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). A court must evaluate the facts of the case to make common sense assumptions about whether the class as proposed is likely to be large enough to make joinder of all parties impracticable. *Bynum v. Dist. of Cola.*, 217 F.R.D. 43, 46 (D.D.C. 2003); *see also id.* ("This element does not require plaintiffs to provide the exact number of potential class members; rather, they need only provide a reasonable basis for their estimate of the putative class size."); *Lindsay v. Gov't Emples. Ins. Co.*, 251 F.R.D. 51, 55 (D.D.C. 2008) ("Typically, a class in excess of 40 members is sufficiently numerous to satisfy this requirement.").

The exact number of potential members of the class is unknown. Indeed, Defendants alone retain the records which would easily identify exactly how many individuals fall within the

proposed class. There are no public records reflecting exactly how many individuals with Government email addresses have had their PII ingested by the GWES or related systems. In essence, there is no feasible way for the Plaintiffs to identify on their own exactly how many individuals would actually fall within the proposed class.

However, the Plaintiffs do have sufficient evidence in their possession to reasonably estimate that the number is far in excess of 2.4 million members. The White House estimates that just the number of Executive Branch employees, excluding active duty military and U.S. Postal Service employees, to be 2.4 million. White House, *Fact Sheet: President Donald J. Trump Works to Remake America's Federal Workforce* (Feb. 11, 2025), *at* https://www.whitehouse.gov/fact-sheets/2025/02/fact-sheet-president-donald-j-trump-works-to-remake-americas-federal-workforce/ (last accessed Apr. 27, 2025). Since this number comprises just one subset of the proposed class in this case, the numerosity criterion is easily satisfied.

However, in the unlikely event that this Court concludes that Plaintiffs' estimate lacks a sufficiently reasonable basis, Plaintiffs request that this Court permit the initiation of limited pre-certification discovery in order to resolve whether Plaintiffs can satisfy their burden of proof for the "numerosity" prong.

Pre-certification discovery has been authorized for a similar limited purpose in the context of class certification. *See Burton v. Dist. of Cola.*, 277 F.R.D. 224, 230 (D.D.C. 2011). That decision was based on the notion that a class certification determination must rest on a "rigorous analysis" to ensure actual, not presumed, conformance with FRCP 23. *Id.* Plaintiffs request nothing more than the same limited discovery that was afforded to the plaintiffs in *Burton*.

6

Pre-certification discovery in this case would be neither overly broad nor invasive. Nor for that matter would it have an unduly burdensome impact upon OPM. The scope of pre-certification discovery could reasonably be limited to identifying how many Government email addresses are currently included in the GWES. While there are likely to be several instances where multiple email addresses correspond to a single individual, that duplication would have no practical effect, because any individual member of the class would be entitled to have *all* of their PII removed from the GWES and related systems if the Court resolves this case in Plaintiffs' favor.

**B.     COMMONALITY**

The Supreme Court has described the commonality inquiry as follows:

> Conceptually, there is a wide gap between (a) an individual's claim that he has been [discriminated against], and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact . . . . For respondent to bridge that gap, he must prove much more than the validity of his own claim.

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157-58 (1982).

Thus, it has been interpreted that demonstrating commonality requires a plaintiff to raise claims which rest on questions of law or fact common to the class. *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 37 (D.D.C. 2007). The test for commonality is met when there is at least one issue the resolution of which will affect all or a significant number of the putative class members. *See Coleman v. Pension Benefit Guaranty Corp.*, 196 F.R.D. 193, 198 (D.D.C. 2000); *see also Bynum*, 217 F.R.D. at 46 ("[F]actual variations among the class members will not defeat the commonality requirement."). Put another way, the commonality requirement is satisfied if class members' claims "depend upon a common contention" that "is capable of classwide

7

resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v Dukes*, 564 U.S. 338, 350 (2011).

Quite simply, any individual whose PII is included in the GWES or related systems has the same rights as any other individual—no more and no less—under the E-Government Act, regardless of the identity of the individual. All members of the proposed class will face the same, common legal questions concerning the legality of OPM's actions. Therefore, the commonality requirement is satisfied.

### C.    TYPICALITY

Commonality and typicality often overlap. In order to demonstrate typicality, a plaintiff must show that the claims or defenses of the representative parties are typical of the claims or defenses of the class. *See McReynolds*, 208 F.R.D. at 444 (citing Fed. R. Civ. P. 23(a)(3)). A court must consider whether the plaintiff suffered injury from a specific action of the defendant in the same manner that the members of the proposed class did, and whether the plaintiff and the class members were injured in the same fashion by a general policy of the defendants. *See Wagner v. Taylor*, 836 F.2d 578, 591 (D.C. Cir. 1987). Typicality is not defeated because of the differing qualifications of the plaintiff and class members. *See McReynolds*, 208 F.R.D. at 445; *see also Bynum*, 217 F.R.D at 47 ("Notably, factual variations between the claims of class representatives and the claims of other class members do not negate typicality.").

Plaintiffs' claims are typical of, if not identical to, the claims of the proposed class. The only potential distinction one might draw between Plaintiffs and some of the proposed class might be with respect to specific employment status. Many types of individuals have Government email addresses, including contractors, employees, consultants, and various other

8

people who are affiliated in one way or another with the federal Government. But typicality does not require that every single subclass of individual be directly represented by Plaintiffs; it only requires that they be a *representative sample*. For instance, the fact that no Judicial Branch employees are plaintiffs does not mean that the class cannot include Judicial Branch employees, because Plaintiffs do include Executive Branch employees, Legislative Branch employees, contractors, and several other types of individuals who have the same Government email addresses—and the same rights—as Judicial Branch employees. In other words, Plaintiffs are *typical* members of the putative class, because they have suffered the exact same injury from the exact same specific Government action as all other members of the proposed class.

"All members of the proposed class, and all of the proposed class representatives, face the same threat of injury. . . . All challenge the same [action] on the same grounds, and all seek the same remedy . . . . Finally, all have the same interest in this Court's judgment and will likely share an interest in any further relief they might subsequently decide to seek." *O.A.*, 404 F. Supp. 3d at 156. Therefore, Plaintiffs have demonstrated both commonality and typicality.

### D.    ADEQUACY OF REPRESENTATION

The Supreme Court has been clear with respect to the purpose of the adequacy inquiry:

> The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members.

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotations omitted). Basic consideration of fairness requires that a court undertake a stringent and continuing examination of the adequacy of representation by the named class representatives at all stages of the litigation where absent members will be bound by the court's judgment. *McReynolds*, 208 F.R.D. at 445-46.

9

In determining whether a named plaintiff will fairly and adequately protect the interests of the class members, the court should consider two principal requirements: (1) the named representative must not have antagonistic or conflicting interests with the unnamed members of the class; and 2) the representatives must appear able to vigorously prosecute the interests of the class through qualified counsel. *See Nat'l Ass'n for Mental Health, Inc. v. Califano*, 717 F.2d 1451, 1458 (D.C. Cir. 1983). In order to evaluate the "conflicting interest" prong, the court must focus on the remedies sought by the named plaintiffs and determine whether the same relief would also likely be desired by the rest of the class. *See McReynolds*, 208 F.R.D. at 446; *see also Phillips v. Klassen*, 502 F.2d 362, 366 (D.C. Cir. 1974) ("In order to maintain a class suit, plaintiffs must be truly representational."); *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 45-46 (D.D.C. 2007) ("It is well-settled, however, that the named plaintiff need not demonstrate a probability of success on the merits in order to serve as the class representative.") (internal quotations omitted).

While there do not appear to be set criteria for evaluating the "qualified counsel" prong, generally counsel needs to be knowledgeable about the subject matter and devoid of indications of an inability to meet the logistical requirements of engaging in litigation. *See*, *e.g.*, *Taylor*, 241 F.R.D. at 46 (rejecting criticism of counsel's alleged inability to meet deadlines in other cases as inaccurate); *Bynum*, 217 F.R.D. at 48 (two attorneys with years of experience in civil litigation qualified to serve as counsel); *Coleman*, 196 F.R.D. at 199 (past litigation experience sufficient to render counsel qualified).

It is difficult to fathom exactly what potentially conflicting interests could exist that would nullify Plaintiffs' ability to satisfy the first prong. The only remedies sought, within the context of the Plaintiffs' Motion, are injunctive and equitable relief. There is no particularized

10

benefit that the Plaintiffs alone will receive as a result of this litigation that would raise a potential conflict with the interests of the members of the proposed class. If anything, *not* certifying this class would create the unfairness this rule is designed to prevent, because then Plaintiffs would be the *only* individuals whose PII was expunged and protected, while all other members of the putative class would have their PII remain at risk.

Nor is there any identifiable basis for determining that Plaintiffs' counsel is not sufficiently qualified to vigorously prosecute the interests of the proposed class. The undersigned has already fully argued two TRO motions and a motion to dismiss—as well as a motion for sanctions—in this matter, and the Court can judge for itself whether he is competent to represent the interests of this class based on that performance alone. Therefore, the adequacy requirement is satisfied.

E.    ASCERTAINABILITY

While this Court should not graft an extra "ascertainability" requirement onto the explicit requirements of FRCP 23, even if it did, Plaintiffs would easily satisfy such a criterion. Although the D.C. Circuit has not yet ruled on whether any judicially implied ascertainability or "administrative feasibility" requirement applies to injunctive classes certified pursuant to FRCP 23(b)(2), other Circuits have held that it does not. *See*, *e.g.*, *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017) (collecting cases). Recent class certification decisions of this Court have also declined to require an ascertainability showing independent of the factors set forth in FRCP 23(a) and (b). *See*, *e.g.*, *Little v. Wash. Metro. Area Transit Auth.*, 249 F. Supp. 3d 394 (D.D.C. 2017); *Steele v. United States*, 159 F. Supp. 3d 73 (D.D.C. 2016).

And even if an "ascertainability" requirement did apply, it would be easily met here. The proposed class is defined by clear, objective, and easily applicable criteria: individuals with an

11

email address ending in .gov or .mil. "[A]n individual would be able to determine, simply by reading the definition, whether he or she was a member of the proposed class." *Bynum*, 214 F.R.D. at 32. And ascertaining membership in the class "would not require much, if any, individual factual inquiry." *Brewer v. Lynch*, No. 08-1747, 2015 U.S. Dist. LEXIS 189518, at *17-18 (D.D.C. Sept. 30, 2015) (certifying class whose members were ascertainable based on employment grade, racial background, and employment during specific class period).

## IV.    CERTIFICATION IS APPROPRIATE UNDER RULE 23(b)(2)

If all four prerequisites under FRCP 23(a) are met, then Plaintiffs must also show that their claims fit within one of the subsections of FRCP 23(b). *See Love*, 439 F.3d at 727 (citing *Amchem Prods., Inc.*, 521 U.S. at 613-16 (1997). FRCP 23(b)(2) authorizes class certification where the party opposing the class has acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. *See In re DC Water & Sewer Auth.*, 561 F.3d 494, 495 n.1 (D.C. Cir. 2009). Unlike class actions for monetary relief under FRCP 23(b)(3), there are no additional requirements of notice and opt-out rights and the plaintiff need not establish that a class action would be superior to individual actions or that common legal and factual questions predominate. *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 530 (D.C. Cir. 2006); *see also In re Veneman*, 309 F.3d 789, 792 (D.C. Cir. 2002) ("[R]ule 23(b)(2) imposes no similar requirements because a class seeking primarily equitable relief for a common injury is assumed to be a cohesive group with few conflicting interests, giving rise to a presumption that adequate representation alone provides sufficient procedural protection.").

Quite simply, as explained in detail above, OPM's use and maintenance of the GWES applies generally and uniformly to all members of the proposed class, irrespective of particular

12

factual variations. The PII of any individual with a Government email address has been equally

ingested by the GWES and other related systems, regardless of why that individual has a

Government email address. Thus, certification is appropriate under FRCP 23(b)(2).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Class Certification should be granted. In

the alternative, the Court should authorize limited pre-certification discovery to resolve the

numerosity requirement.

Date:   April 28, 2025

<div style="margin-left: 40%;">

Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD 20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*

</div>