**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOES 1-7, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | *    Civil Action No. 1:25-cv-00234 (RDM) |
| OFFICE OF PERSONNEL | * |
| MANAGEMENT, | * |
| | * |
| Defendant. | * |
| | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION OR, IN THE
<u>ALTERNATIVE, FOR PRE-CERTIFICATION DISCOVERY</u>**

On 27 April 2025, Plaintiffs filed a timely motion for class certification, in which they

explained the numerous reasons the Court should certify the requested class, with all necessary

citations to relevant case law and application of the law to the specific facts of this case. In

response, Defendant Office of Personnel Management ("OPM") filed a twenty-page list of

nitpicks around the fringes of Plaintiffs' Motion, which resembled a general airing of grievances

more than a legal brief. To the extent that any of OPM's contentions warrant any close

examination, they are without merit, and in the interest of judicial economy, Plaintiffs will only

briefly respond to those aspects of OPM's Opposition which deserve the Court's attention, in

roughly the order in which they are raised.

As an initial matter, the Court should consider OPM to have forfeited any arguments

against Plaintiff's request in the alternative for pre-certification discovery, since the extent of

OPM's discussion of the matter was an undeveloped two-sentence footnote at the end of its brief.

(Def.'s Opp'n Class Cert., Dkt. #42, at 20 n.6 (filed May 27, 2025) [hereinafter OPM's Opp'n].)

*See*, *e.g.*, *CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014) ("A footnote is no place to make a substantive legal argument . . . hiding an argument there and then articulating it in only a conclusory fashion results in forfeiture."); *Elec. Privacy Info. Ctr. v. IRS*, 261 F. Supp. 3d 1, 13 (D.D.C. 2017) (holding that claims raised only in footnotes of partys brief were deemed forfeited), *aff'd*, 910 F.3d 1232 (D.C. Cir. 2018). Furthermore, to the extent that the Court *does* consider the argument that "[t]he deficiencies of Plaintiffs' motion and amended complaint speak for themselves" (OPM's Opp'n at 20 n.6), it should recall that Plaintiffs already explained, "In deciding whether to certify a class action, the question before the Court is not whether Plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Federal Rule of Civil Procedure ('FRCP') 23 are met." (Pls.' Mem. Supp. Mot. Class Cert. or, Alter., Pre-Cert. Disc., Dkt. #38, at 3 (filed Apr. 27, 2025) [hereinafter Pls.' Mem.] (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); *Jones v. Rossides*, 256 F.R.D. 274, 276 (D.D.C. 2009); and *McReynolds v. Sodexho Marriott Servs.*, 208 F.R.D. 428, 430 (D.D.C. 2002)).) OPM's complete failure to engage with this argument, whether in the context of class certification or discovery, exemplifies the lack of merit to its Opposition.

OPM's first contention—albeit implicit—is that Plaintiffs should have waited until after the Court resolved the pending motion to dismiss before seeking class certification. (*See* OPM's Opp'n at 3 ("Despite [OPM's motion to dismiss being fully briefed and awaiting a decision], on April 27, 2025, Plaintiffs filed a motion for class certification or, in the alternative, for pre-certification discovery.").) This is an unusual argument for OPM to make, given the degree to which it later complains about the importance of schedules (*id.* at 18-19), but since OPM appears unfamiliar with the class certification process, a motion for class certification must be filed in this Court within 90 days of the filing of the complaint. Local Civ. R. 23.1(b). In other words, if

Plaintiffs had waited until the Court resolved the motion to dismiss before seeking certification, their motion would have been untimely and no doubt opposed by OPM. It is unclear why OPM criticizes Plaintiffs for adhering to the timetable established by the Local Rules.

OPM's second contention that "[t]he named plaintiffs must have standing for a class's claim to proceed" (OPM's Opp'n at 4) is the only one to have any merit, but not for the reasons OPM gives. Plaintiffs will agree that if this Court dismisses the case because none of the named Plaintiffs have standing, whether or not the class is certified will not matter because the case will have been dismissed. However, beyond that rather obvious point, OPM's argument on this matter serves no real purpose. If the Court elects to adjudicate OPM's motion to dismiss before certifying the class—or decides the two questions jointly—Plaintiffs have no opposition to such a course of action. They have already briefed the standing question, and the Court should ignore OPM's attempt to shoehorn more arguments for dismissal into the context of a class certification motion. (*Id.* at 4-6.) As above, OPM's chief complaint appears to be that Plaintiffs filed their Motion on time, which was sooner than OPM would have preferred.

OPM's primary line of attack focuses on the ascertainability criterion, to the extent the Court decides to consider it. (*Id.* at 6-10.) On the threshold question, Plaintiffs will not belabor the point; both sides have given their arguments for and against an ascertainability review, and the Court will make its choice based on those arguments. However, even though Plaintiffs maintain that the Court should not consider ascertainability, they still clearly satisfy it, and OPM's attempts to argue otherwise demonstrate a lack of understanding of the requirement itself. For instance, OPM states correctly that "courts generally agree that ascertainability means that a class definition must render potential class members identifiable according to objective criteria" (*id.* at 7 (quoting *In re McCormick & Co., Inc., Pepper Prods. Mktg. & Sales Pracs.*

*Litig.*, 422 F. Supp. 3d 194, 241 (D.D.C. 2019)), but then unreasonably restrict the definition of "objective criteria." According to OPM, the only "objective criteria" which matter are those which, in a vacuum, allow "this Court [or] potential class members [to] realistically determine who falls into" the class. (OPM's Opp'n at 10.) However, this ignores the very basic truth of this case: *OPM* knows *exactly* who is a class member, because the class is, for all practical purposes, *everyone whose information is in the Government-Wide Email System ("GWES")*. OPM asks this Court to ignore the fact that OPM could at any moment identify every email address in the system, and that would be the class. This is the textbook example of "objective criteria."

OPM's other arguments on ascertainability take issue with Plaintiffs' good faith efforts to elucidate the class in terms more specific than "everyone in GWES," which would undeniably have been opposed for lack of specificity. To oppose Plaintiffs' Motion, OPM expresses confusion about what "an Executive Branch Agency" is and what "system connected to [the GWES" means, when the answer is, only OPM knows. Only OPM knows what systems are connected to the GWES and what entities created all of the .gov and .mil email addresses contained within it. Most tellingly, only OPM knows which individuals have information stored in the GWES who did not receive any emails *because they did not receive any emails*, but that does not change the fact that their email addresses are easily accessible *by OPM*. Simply put, a defendant cannot hide the evidence of who is in a class and then complain that a plaintiff cannot identify the class with specificity, but that is exactly what OPM is attempting to do here.[1]

This strategic ambiguity reaches its logical, nonsensical conclusion when OPM claims not to understand what "purporting to be" means (*id.* at 10), and asks how the Court or a class

---

[1] If the Court wishes to certify a class of everyone with an email address stored in the GWES, period, Plaintiffs have no objection, nor do they object to pre-certification discovery to obtain answers to the questions OPM claims to have. It is disingenuous for OPM to criticize Plaintiffs

member could determine whether an email "is merely 'purporting to be' rather than actually coming from HR@opm.gov." (*Id.* at 10.) This complaint asks the Court to believe that an email sent from an email address does not purport to be from that email address, and instead require some level of cybersleuthing to determine where emails *actually* came from as opposed to where they *appear* to have come from. However illogical this argument is, Plaintiffs will briefly humor OPM and point out that, according to most of the reporting on the matter, the emails sent by the GWES were not *actually* coming from HR@opm.gov but were instead coming from similar addresses like HR1@opm.gov, HR2@opm.gov, HR3@opm.gov, etc., and only *appearing* to come from HR@opm.gov. *See*, *e.g.*, *Repository Thread of HR@OPM Addresses*, Reddit (Mar. 3, 2025), *at*

https://www.reddit.com/r/fednews/comments/1j2jl4a/repository_thread_of_hropm_addresses/

(last accessed June 3, 2025).

OPM's objections to commonality and typicality fare no better, because OPM is once again attempting to manufacture ambiguity where there is none. OPM's arguments on this issue boil down to a contention that the rights of some individuals whose information is unlawfully contained in the GWES are different than the rights of other individuals whose information is unlawfully contained in the GWES. Plaintiffs reject this contention, but it is of no moment to the Court because that is a question on the *merits*, which is apropos of nothing in the class certification context. This is not a case where a defendant generically violated the same law vis-à-vis the class of plaintiffs; it is more analogous to a case where a defendant stole *the exact same item* from *every class member*. The facts are identical for all of the class members; they are only in the class because OPM unlawfully put their information into the GWES. And the relief

---

for attempting to determine exactly whose information has been ingested by this system when new information is constantly emerging about it.

requested would affect them all equally because it is limited to the *individuals whose information is contained in the GWES*.

As a final argument, OPM closes its Opposition with three pages of complaints about Plaintiffs' undersigned counsel's conduct during this case, which do not warrant any serious response other than to indicate that each of the complaints omits some critical details which are obvious from the record.[2] However, all of these arguments are predicated on one basic misconception: that, in this case, representing a class of 2.4 million will be any different than representing seven named Plaintiffs. The entire purpose of this class certification is to allow the Court to order relief that affects every affected individual, rather than just the seven named Plaintiffs. Plaintiffs ask the Court to order OPM to expunge the information of the class members from the GWES and whatever systems it is connected to. Without a certified class, the Court arguably can only order OPM to expunge the information of the seven named Plaintiffs. If the Court believes that it can order OPM to expunge *all* unlawfully collected and stored information from the GWES and connected systems without certifying a class, then it does not need to certify the class. But if the Court agrees that it can only order expungement of "Plaintiffs" then it does

---

[2] For example, OPM complains that "Mr. McClanahan advanced arguments that differed entirely from those in his written motion" (*id.* at 18) without mentioning that OPM had unilaterally changed the case entirely between the filing of the motion and the argument. Similarly, OPM mentions the Court's initial confusion as to why the undersigned offered certain exhibits at the hearing (*id.*) without mentioning the undersigned's explanation which satisfied the Court. Most egregiously, OPM criticizes the undersigned for filing a sanctions motion that the Court has not yet adjudicated. (*Id.* at 19.) To the extent that OPM is implicitly requesting that the Court resolve that sanctions motion prior to deciding this Motion, Plaintiffs join in that request so that the question can be resolved and the parties can move on.

need to certify the class. Either way, however, the undersigned's workload when prosecuting this case will be the same.[3]

Date:   June 3, 2025

Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD 20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*

---

[3] That being said, if the Court wishes to invite other applicants to assist as class counsel pursuant to FRCP 23(g), the undersigned will always welcome the assistance, although he does not believe he needs it.