**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOES 1-7, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | *    Civil Action No. 1:25-cv-00234 (RDM) |
| OFFICE OF PERSONNEL | * |
| MANAGEMENT, | * |
| | * |
| Defendant. | * |
| | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT**
**OF THEIR MOTION FOR RECONSIDERATION**

On 28 February 2026, Plaintiffs requested reconsideration of the Court's 15 January 2026 Final Judgment—and on one minor point, the Court's 22 December 2025 Memorandum Opinion—based on newly discovered evidence that could not have been discovered earlier through due diligence. Plaintiffs' chief request was straightforward: return the case to the 14 January 2026 status quo, in which they could file a motion to amend their First Amended Complaint because the case was dismissed without prejudice, and accept the Second Amended Complaint, which directly addressed the Court's stated concerns. In response, Defendant Office of Personnel Management ("OPM") complained that not *all* of the information could not have been discovered earlier, and that Plaintiffs had a duty to search for information they had no reason to believe existed.[1] OPM's objections are frivolous and the Court should grant Plaintiffs' Motion.

---

[1] OPM makes several other arguments, but with a few exceptions they do not warrant serious consideration and will not be entertained herein, so as to keep this Reply short and to the point.

OPM's chief objection is that Plaintiffs' "allegedly 'new' evidence could have been discovered using the slightest of diligence on or before February 12, 2026." (Def.'s Opp'n Mot. Recons., Dkt. #50, at 8 (filed Mar. 16, 2026) [hereinafter OPM's Opp'n].) To support this claim, OPM largely relies on the fact that the flash report issued by the OPM Office of Inspector General ("OIG") was published and arguably discoverable by a Google search in September 2025: a fact that Plaintiffs freely admit and addressed in their Motion. OPM concedes that Plaintiffs must not be eternally vigilant to satisfy this standard, but then turns around and argues that Plaintiffs must still periodically conduct Google searches for new evidence with no reason to believe that they might bear any fruit, which is, for all intents and purposes, the definition of "eternal vigilance" in a case like this.

Plaintiffs already explained that it was *very* unusual for an OIG to issue any kind of report within months of starting its investigation: a fact that the undersigned, "as [a] sufficiently knowledgeable and resourced" attorney (*id.* at 10), knew. (*See* Pls.' Mem. P. & A. Supp. Mot. Recons., Dkt. #49, at 7 (filed Feb. 28, 2026) ("In fact, a survey of OPM OIG audit reporting shows only one other instance of such a flash report being issued during the past five years.") As Plaintiffs explained, the flash report was neither publicized nor telegraphed, and while it was arguably discoverable by "a single Google search for reports relevant to the GWES at any point between September and February,"[2] (OPM's Opp'n at 9), they *had no reason to perform the search*. So, while they arguably *could* have performed such a search "just in case" upon issuance of the Court's Memorandum Opinion or Judgment, it was not a lack of reasonable diligence *not to*.

---

[2] OPM does not provide any support for this contention, but Plaintiffs are willing to accept it for the sake of argument because it does not change the analysis.

The remainder of OPM's objections regarding the "newly discovered" requirement are equally frivolous. It argues that "[t]wo of the allegations are based on sources that have been publicly available online since February and May 2025" (*id.* at 8), which Plaintiffs freely admit. There is no requirement that *every* new allegation be newly discovered. The fact that Plaintiffs possessed *some* evidence which could have been included in a hypothetical amended complaint does not mean that any later attempt to seek reconsideration based on *other* newly discovered evidence must fail.

In a slightly different vein, OPM argues without any evidence that the two non-publicly available sources for the House DOGE Report only provided information which "is merely redundant of information already in the public domain." (*Id.* at 9.) It is unclear how OPM came by this information, since at least one of the cited sources was "Communications with Democratic Committee Staff," House Comm. on Oversight & Gov't Reform, *Breaking Government: How DOGE and Trump Cost Taxpayers, Federal Workers, and Public Services* at 25 n.98 (Feb. 12, 2026), *at* https://oversightdemocrats.house.gov/imo/media/doc/doge_report.pdf (last accessed Feb. 19, 2026), implied to be one or more unidentified "whistleblowers and ethical cybersecurity experts." *Id.* at 24.[3] In any case, Plaintiffs respectfully disagree with OPM's characterization, and while they admit that the information provided by these sources is *complementary* to previously available information, it is clearly not *redundant*.

OPM then switches to a variation on the same theme, arguing that "[t]he 'new evidence' does not establish an informational injury." (OPM's Opp'n at 11.) This argument, even if the Court accepts it, fails to acknowledge that the newly discovered evidence only plays a *partial*

---

[3] The Court should inquire as to the source of OPM's stated certainty regarding the nature of the information provided by these individuals and OPM OIG staff to the House Committee in ostensibly non-public meetings.

role in Plaintiffs' Motion and in the Second Amended Complaint. Put simply, the newly discovered evidence demonstrates that Plaintiffs' fears about their information being hacked were well-grounded, and *the other new allegations*—which were admittedly previously known—connect the dots, so that the *entire Second Amended Complaint* establishes the injury. OPM invites the Court without any citation to authority to hold that reconsideration would only be appropriate if Plaintiffs could prove standing *using only newly discovered evidence* (*id.* at 12 ("But in the Rule 60 posture that argument cannot be considered, since such an argument has nothing to do with the DOGE Report and could have been raised at any time before February 12, 2026")),[4] but that is not the standard. Plaintiffs' Motion relies on both newly discovered evidence and previously known evidence, neither of which would have arguably been independently sufficient to prevail, but which together provide more than adequate to the task.

Regarding OPM's argument that the Court should not reconsider its holding that Plaintiffs' class certification motion is moot, this argument elevates form over function and serves no practical purpose. If the Court does not reconsider its previous holding, the practical result is that "Plaintiffs would then need to file an amended motion for class certification based on the second amended complaint." (*Id.* at 17.) Because none of the new allegations in the Second Amended Complaint alter any of the reasons the Court should certify the class, this "amended motion" would be *identical* to the previous motion. OPM even concedes this point, stating that "the arguments against class certification articulated in Defendants' [sic] original motion to dismiss remain true, and nothing in the proposed Second Amended complaint [sic] rebuts them." (*Id.* at 17-18.) If both the plaintiffs and the defendant agree that they are going to make the same arguments if they engage in renewed briefing, the only result of a denial of

---

[4] OPM repeats this argument several times, each time asking the Court to ignore any allegations that "[t]he DOGE Report says nothing about." (*Id.* at 13.) Repeating a frivolous argument does

reconsideration on this point is further delay and new papers being filed with the Court which are entirely redundant of previous papers. And, to be clear, Plaintiffs are not asking the Court to *grant* them class certification in this Motion; they are simply asking the Court to adjudicate their *previous* motion *on the merits*. The Court is still free to hold that "the arguments against class certification articulated in Defendants' [sic] original motion to dismiss remain true"—although it should not. It should just issue a decision which addresses those arguments rather than kicking the can down the road as OPM requests.

### **CONCLUSION**

The Court should grant Plaintiffs' Motion, vacate the 15 January 2026 Judgment, accept the Second Amended Complaint, and partially amend the 22 December 2025 Memorandum Opinion.

Date:   March 25, 2026

Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*

not render it non-frivolous.